IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAIME GLENN FINLEY (also known as Possum)                                                                 PLAINTIFF

v.                              Civil No. 6:23-cv-06110-SOH-BAB

TURNKEY MEDICAL STAFF (Medical Provider), J WALLER (Turnkey Mental Health Provider), TURNKEY MEDICAL DENTAL STAFF (Dental Provider)                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on November 2, 2023.  (ECF No. 1).  After several Orders to submit Amended Complaints to correct Complaint deficiencies (ECF Nos. 7, 10, 19, 22), Plaintiff filed his Fourth Amended Complaint on March 25, 2024.  (ECF No. 28).  Plaintiff's Fourth Amended Complaint is comprised of three separate, complete Complaint forms containing one claim each and labelled Part A, Part B, and Part C. (*Id.*). The claims contained within each Complaint form continue to be unsuited for joinder within one Complaint.  (ECF No. 29).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Accordingly, Parts B and C of Plaintiff's Fourth Amended Complaint were severed from this case and two new cases were opened. The Claim and Defendants listed in Part A remain as this case. (*Id*.). Part A was re-docketed as Plaintiff's Revised Fourth Amended Complaint. (ECF No. 30).

Plaintiff is currently incarcerated in the Saline County Sheriff's Department, but identifies himself in the Revised Fourth Amended Complaint as a pretrial detainee at the Garland County Detention Center ("GCDC"). (*Id*. at 1-2). Plaintiff alleges that his claim for this case occurred between July 15, 2023, and October 15, 2023. (*Id*. at 4). Plaintiff names medical administration for Turnkey Medical and "RN/nurses" for Turnkey medical. (*Id*.). He alleges he was denied medical care, dental care, and optical care. (*Id*.).

He alleges he is handicapped, was assaulted by another inmate, and was transported to the St. Vincent's emergency room for medical care. (*Id*.). He alleges he suffered a broken jaw, 4 teeth were "knocked out/loose," and 3 other teeth needed emergency attention by a trained dental provider. (*Id*. at 5). Plaintiff alleges he did not see a dental provider and was returned to GCDC. (*Id*.). He alleges the next day he was burned in the face and right eye by other inmates and was never taken to the eye doctor or a dentist for 90 days. (*Id*.). Plaintiff alleges one tooth was removed by a dentist due to the damage suffered, and Plaintiff was forced to pull 2 of his own teeth to relieve the pain before he could see a dentist. (*Id*.).

Plaintiff proceeds against Defendants in their individual and official capacities. (*Id*. at 5). As his official capacity claim, he alleges he was told that "policy is dentist only comes once a month and they don't provide eye exams not even in emergency situations." (*Id*.).

Plaintiff seeks compensatory, punitive and other damages. (*Id*. at 6).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

2

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff's claim against Defendant Waller is subject to dismissal.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).  Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.  Plaintiff has not alleged a causal link between

Defendant Waller and his claims. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim). Instead, he merely lists him as a Defendant in the case. Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych v. Hass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims against Defendant Waller be DISMISSED WITHOUT PREJUDICE and Defendant Waller be terminated as a Defendant in the case. It is further recommended that Plaintiff's claims concerning denial of medical, dental, and optical care remain for further review.

<u>Referral Status</u>: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of April 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE