IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAIMIE GLENN FINLEY (a/k/a Possum)                                             PLAINTIFF

v.                              Civil No. 6:23-cv-06110-SOH-BAB

TURNKEY MEDICAL STAFF,
TURNKEY MEDICAL DENTAL STAFF,
TURNKEY HEALTH CLINICS LLC                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey three Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on November 2, 2023. (ECF No. 1). He was granted *in forma pauperis* ("IFP") status that same day. (ECF No. 3). After several Orders directing him to Amend his Complaint to address various deficiencies, he submitted his Fourth Amended Complaint on March 25, 2024. (ECF No. 28). Plaintiff's Fourth Amended Complaint was comprised of three separate, complete Complaint forms containing one claim each and labelled Part A, Part B. and Part C. (*Id.*). On April 23, 2024, the Court entered an Order severing the second and third Complaint forms and opening new cases. (*Id.* at 29). Plaintiff also filed a Revised Fourth Amended Complaint on April 23, 2024. (ECF No. 30). The Revised Fourth Amended Complaint underwent preservice screening, and Plaintiff's claims against Defendant Waller were dismissed without

1

prejudice. (ECF Nos. 31, 32). His claims for denial of medical, dental, and optical care remained for further review. (*Id.*).

On September 5, 2024, Plaintiff filed a Notice of Address Change indicating he had been released from custody. (ECF No. 39). Pursuant to the Court's policy, an Order was entered directing Plaintiff to submit an IFP application reflecting his free-world financial status on September 6, 2024. (ECF No. 40). The Clerk mailed a blank IFP application with the Order. When Plaintiff failed to submit his IFP application by the deadline, the Court entered a Show Cause Order, directing him to Show Cause for his failure to obey a Court Order. (ECF No. 41). Plaintiff then submitted a document which was labelled "Motion to Proceed IFP" on October 15, 2024. (ECF No. 42). This document did not use the court-approved IFP application provided to Plaintiff. Instead, Plaintiff attached his debit card statement and a letter from an individual. (ECF No. 42-1). This individual states she is "assisting him with room, board, and utilities in exchange for his labor," and is not aware that he has any other financial resources. (*Id.* at 3). Neither Plaintiff's Motion nor the letter are notarized or sworn under penalty of perjury. The Court then entered an Order which advised him of the deficiencies in his Motion, provided him with a new blank IFP application form, and directed him to submit his IFP application by November 8, 2024. (ECF No. 44). Plaintiff failed to do so. Instead, he submitted a third Motion to Appoint Counsel on October 28, 2024. (ECF No. 45). This was denied on October 29, 2024. (ECF No. 45).

To date, Plaintiff has failed to provide a completed IFP application or pay the balance of the filing fee. In each Order directing him to do so, he was advised that failure to obey the Court Order by the deadline would result in the dismissal of his case. (ECF Nos. 40, 41, 44).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with three Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Revised Fourth Amended Complaint (ECF No. 30) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of January 2025**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE