# UNITED STATES DISTRICT COURT

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JUL 1 6 2025

Ronald E. Dowling
By_____
Deputy Clerk

# WESTERN DISTRICT OF ARKANSAS

CIVIL DOCKET # 6:23-cv-06110 (Finley v. Turnkey Medical Staff ET AL) ; &  # 6:24-cv-06057 ( Finley v. McCormick ET AL); &  6:24-cv-06058 (Finley v. Smith)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO REOPEN CASES BASED ON EXCEPTIONAL CIRCUMSTANCES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the Most Honorable Federal Court:

Now comes, Jamie Glenn Finley, the 'pro se' Petitioner and Plaintiff in the above number and entitled causes of action, who humbly and sincerely Prays for the relief as requested herein:

## I.
## __HISTORICAL__

A complication of all three 42 U.S.C. 1983 lawsuits as they were being litigated while incarcerated and the Petitioner was deprived of Legal mail and the resources to draft legal documentation as the retaliation of the lawsuits was swift and severe. Also the Petitioner was threatened upon release not to continue the litigation of these lawsuits or else I would end up like the last one who failed to heed the warning.

1

Being in fear for my life I did not pursue the lawsuits. Now I am in a better position to proceed with these lawsuits, and have recovered physically and mentally from the abuse I suffered while incarcerated.

II.

**DISMISSED WITHOUT PREJUDICE**

Each of the lawsuits were dismissed without prejudice. 
LegalClarity Team

Published Jan 13, 2025
The term "dismissed without prejudice" frequently appears in courtrooms and legal documents, carrying significant implications for plaintiffs and defendants. This concept determines whether a case can be reopened or re filed after dismissal.

## Definition and Scope

In legal parlance, "dismissed without prejudice" refers to a court's decision to terminate a case, allowing the plaintiff to refile the claim in the future. This dismissal is not an adjudication on the merits, meaning the court has not addressed the substantive issues. It often arises from procedural or technical deficiencies, such as improper service of process or lack of jurisdiction. The Federal Rules of Civil Procedure, particularly Rule 41(a), provide guidance on voluntary dismissals, which can be without prejudice unless specified otherwise.

# Rule 41. Dismissal of Actions

**(a) VOLUNTARY DISMISSAL.**

   **(1) _By the Plaintiff._**

**(A)** *Without a Court Order.* **Subject to Rules 23(e) , 23.1(c) , 23.2 , and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:**

**(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or**

**(ii) a stipulation of dismissal signed by all parties who have appeared.**

**(B)** *Effect.* **Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.**

**(2)** *By Court Order; Effect.* **Except as provided in Rule 41(a)(1) , an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.**

**(b) INVOLUNTARY DISMISSAL; EFFECT. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits.**

**(c) DISMISSING A COUNTERCLAIM, CROSSCLAIM, OR THIRD-PARTY CLAIM. This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:**

**(1) before a responsive pleading is served; or**

**(2) if there is no responsive pleading, before evidence is introduced at a hearing or trial.**

3

**(d)** COSTS OF A PREVIOUSLY DISMISSED ACTION. **If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:**

   **(1) may order the plaintiff to pay all or part of the costs of that previous action; and**

   **(2) may stay the proceedings until the plaintiff has complied.**

*Therefore, these cases are subject to be reopened and are eligible for such continued litigation to seek out the merits and review the facts as presented. Combining the extreme and extraordinary reasoning for allowing the lawsuits to lapse and Summary Judgements to be decreed, render the safe litigation of these lawsuits and propel them into the present and future work of the Petitioner and Legal Consultant/ Compadre.*

*These cases will not suffer from neglect or failure to comply with any Orders , nor will there be a delay in responses from this party of the lawsuit.*

*Justice would be best served if these actions were allowed to proceed.*

III.

## REOPENING OF CASE(S)

**Fraud or misconduct by a party in the original proceedings is another valid ground. This could involve perjury, falsification of evidence, or deceitful actions that compromised the trial's fairness. Such allegations are taken seriously, as they undermine the integrity of the judicial process. Rule 60(b) of the Federal Rules of Civil Procedure provides a mechanism for relief from a final judgment based on fraud, misrepresentation, or misconduct. Please see:**

4

# Rule 60. Relief from a Judgment or Order

**(a)** CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. **The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.**

**(b)** GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. **On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:**

**(1) mistake, inadvertence, surprise, or excusable neglect;**

**(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;**

**(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;**

**(4) the judgment is void;**

**(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or**

**(6) any other reason that justifies relief.**

**(c)** TIMING AND EFFECT OF THE MOTION.

**(1)** *Timing.* **A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.**

**(2)** *Effect on Finality.* **The motion does not affect the judgment's finality or suspend its operation.**

5

**(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:**

    **(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;**

    **(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or**

    **(3) set aside a judgment for fraud on the court.**

**(e) BILLS AND WRITS ABOLISHED. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.**

## CONCLUSION & PRAYER

The humble and sincere Petitioner Prays for the relief as requested herein. Also, that the Most Honorable Court forgive the Petitioner of any 'pro se' errors as they are unintentional and due to ignorance of the inner process and procedures of this Honorable Court.

Please allow true Justice to be served by the reopening of this case and being allowed to proceed in an orderly fashion and litigated in this high Court where this esteemed Court has jurisdiction and the powers to prevail against the arbitrary and despotic violations of civil rights that The Petitioner does not take lightly nor this Honorable Court.

Thank you for taking the time and consideration of this very humble Motion.

With Utmost Respect,

Jaime Glenn Finley

6

I, Jamie Glenn Finley, do hereby swear under the penalty of perjury on this ___10___ day of ___July___ 2025, that each and every statement contained herein is true and correct, so help me God.

_Jaimie Glenn_

Jaimie Glenn

## CERTIFICATE OF SERVICE

I, Jamie Glenn Finley, do hereby certify that on the ___10TH___ day of ___July___ 2025, that I sent by U.S. Mail, postage prepaid, a true and correct copy of the herein to the U.S. Federal Court Clerks Office.

_Jamie Glenn Finley_

Jamie Glenn Finley

Phone # 501 617 5960
Email address: ouidragA SamieGlenn@Gmail.com
Address: 406 Gulpha St
HS AR 71901

7



United States Clerk
Judge Isaac C. Parker Building
30 South 6th St.
Fort Smith, Ar.
72901