IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAIME GLENN FINLEY (a/k/a Possum)                                              PLAINTIFF

v.                              Case No. 6:23-cv-06110

TURNKEY MEDICAL STAFF;
TURNKEY MEDICAL DENTAL STAFF;
and TURNKEY HEALTH CLINICS LLC                                              DEFENDANTS

**ORDER**

Before the Court is a Motion to Reopen Case filed by Plaintiff Jaime Glenn Finley ("Plaintiff"). (ECF No. 49). No response is necessary and the Court finds the matter ripe for consideration.

On September 5, 2024, Plaintiff filed a Notice of Change of Address that indicated he had been released from prison. (ECF No. 39). On October 15, 2024, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 42). On October 28, 2024, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 45). Then on January 30, 2025, Judge Bryant issued a Report and Recommendation ("R&R"). (ECF No. 47). The R&R recommended that the case be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. (ECF No. 47, at 3). Plaintiff filed no objections to the R&R. On March 6, 2025, the Court adopted the R&R *in toto* and dismissed Plaintiff's case without prejudice. (ECF No. 48).

On July 16, 2025, Plaintiff filed the instant Motion to Reopen Case.[1] (ECF No. 49). Plaintiff argues that his case should be re-opened because he was:

> deprived of Legal mail and the resources to draft legal documentation as the retaliation of the lawsuits was swift and severe. Also [I] was threatened upon release not to continue the litigation of these lawsuits or else I would end up like

---

[1] Plaintiff has filed motions to re-open in three of his cases: (1) *Finley v. Smith #168 et al*, 6:24-cv-06058; (2) *Finley v. McCormick et al*, 6:24-cv-06057; and (3) *Finley v. Turnkey Medical Staff et al*, 6:23-cv-06110. All three motions to re-open are identical.

> the last one who failed to heed the warning. Being in fear for my life I did not pursue the lawsuits. Now I am in a better position to proceed with these lawsuits, and have recovered physically and mentally from the abuse I suffered while incarcerated.

(ECF No. 49, at 1-2). Plaintiff then cites the entirety of Federal Rule of Civil Procedure 41 and argues that the case is subject to be re-opened when combined with the "extreme and extraordinary reasoning for allowing the lawsuits to lapse." (ECF No. 49, at 4). Additionally, Plaintiff cites the entirety of Federal Rule of Civil Procedure 60. (ECF No. 49, at 5-6).

The Court will liberally construe the instant motion as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) because Plaintiff is proceeding *pro se*. Federal Rule of Civil Procedure 60(b) lets the Court relieve a party from a judgment on the following narrow grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) does not let parties re-argue their case and cannot be used as a substitute for a timely appeal. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *Nichols v. United States*, No. 4:00cr-00022-003-WRW, 2006 WL 3420303, at *2 (E.D. Ark. Nov. 28, 2006). "Motions for

reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). In other words, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." *Activision TV, Inc. v. Bruning*, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014) (collecting cases). Thus, Rule 60(b) "authorizes relief in only the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007).

The Court will first address Plaintiff's argument regarding Rule 41. It appears to the Court that Plaintiff is confused about his case's status of "dismissed without prejudice." Plaintiff argues that dismissed without prejudice means his case is subject to be re-opened and is eligible to continue litigation in order to reach the merits of the case and review the facts as presented. However, the Court notes that dismissed without prejudice simply means that Plaintiff may file an entirely new lawsuit on the same underlying claim. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S. Ct. 1021, 1027, 149 L. Ed. 2d 32 (2001) (noting that dismissed without prejudice is a dismissal that allows the plaintiff to return later, to the same court, with the same underlying claim, but with a different lawsuit). Rule 41 has no control over whether an already filed case can or should be re-opened. Thus, if Plaintiff desires to file an entirely new lawsuit on the same underlying claims—assuming no other reason would prevent such a lawsuit—he is free to do so because this case was dismissed without prejudice.

The Court now turns to Plaintiff's request to re-open the case based on Rule 60(b). Based on Plaintiff's motion, it appears to the Court that Plaintiff is requesting relief under Rule 60(b)(3) because he argues that "[f]raud or misconduct by a party in the original proceedings is another valid ground. This could involve perjury, falsification of evidence, or deceitful actions that compromised the trial's fairness." (ECF No. 49, at 4). However, the Court finds Plaintiff's arguments to be

3

unpersuasive. Relief under Rule 60(b)(3) requires that Plaintiff show that the "adverse party engaged in fraud or other misconduct and that this conduct prevented the moving party from fully and fairly presenting its case." *E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 216-17 (8th Cir. 1985) (citation omitted). Plaintiff's burden of proof is clear and convincing evidence. *See id*. (citation omitted).

Plaintiff provides no evidence or documentation to support a finding that he was threatened into not continuing the instant lawsuit. Plaintiff does not even state who allegedly threatened him. Notably, Plaintiff also filed several motions after he was released from prison indicating that nothing prevented him from also filing objections to the R&R. Plaintiff must provide some level of evidence beyond a few sentences alleging that he was threatened. Instead, Plaintiff only vaguely alleges that he was told that "[he] would end up like the last one who failed to heed the warning" if he continued with the lawsuit. (ECF No. 49, at 1-2). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Fiorito*, No. 07-CR-0212 PJS-JSM, 2020 WL 7224242, at *1 (D. Minn. Dec. 8, 2020) (quoting *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)). Plaintiff does not meet the high bar reserved for relief under Rule 60(b) because nothing on the record indicates that he was prevented from litigating this case or that some type of fraud had been committed.[2] Thus, the Court finds that Plaintiff's Motion to Reopen Case (ECF No. 49) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 18th day of July, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Even assuming *arguendo* that Plaintiff asked for relief under the other Rule 60(b) sections, the Court can find no evidence that would justify reopening the instant case. A few conclusory sentences do not meet the requirement for Rule 60(b).

4